**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 2000-CT-00421-SCT**

*CRAIG A. SOUTHERLAND*

*v.*

*SUSAN DIANE SHOEMAKER SOUTHERLAND*

<u>**ON WRIT OF CERTIORARI**</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2000 |
| TRIAL JUDGE: | HON. DENNIS M. BAKER |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DAVID L. WALKER |
| ATTORNEY FOR APPELLEE: | M. LEE GRAVES, JR. |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 04/11/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/2/2002 |

**EN BANC.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This appeal addresses the awards of child support, lump sum alimony and attorney's fees made pursuant to a divorce. The ex-husband complained that all three awards were excessive. The Court of Appeals disagreed and affirmed on all issues. *__Southerland v. Southerland__*, 2001 WL 537895 (Miss. Ct. App. 2001). This Court granted certiorari to consider the award of child support in the context of the statutory guidelines. After due consideration, we reverse only the award of child support and remand for further proceedings. The awards of lump sum alimony and attorney's fees are affirmed.

I.

¶2. Craig and Susan Southerland were married in 1976. They had two children, one of whom was emancipated at the time of these divorce proceedings. The other child, a daughter named Jeni, was born in 1985 and was fourteen at the time of the trial. Though Craig filed for divorce in June 1999, he was at the time openly involved in an adulterous relationship, and this served as the ground for the divorce awarded to Susan.

¶3. At the time of the divorce, Craig was working in Florida and reported net monthly income of $5,111. Susan was living in Courtland, Mississippi, and working at a bank in Crowder where she earned net monthly wages of $903.66. The parties had not accumulated any appreciable assets during the course of their marriage but did own the homes in Panola County, where Susan and the children were living, and in Florida, where Craig was living. The chancellor determined that an award of lump sum alimony was

appropriate under the circumstances. The chancellor noted that Susan had abandoned her career during the marriage to support Craig in his studies for the ministry and that she had worked in a closely-held business started by Craig after the parties had moved to Florida. Taking into account the respective incomes of the parties, the chancellor determined that a lump sum award of $50,000 was appropriate and ordered it to be paid in periodic monthly installments of $1,500 each. The chancellor further awarded child support in the amount of $1,000 per month and attorney's fees of $3,750 to Susan Southerland.

¶4. Craig Southerland appealed from this judgment. The Court of Appeals affirmed, with two judges dissenting in part on the issue of child support.

¶5. This Court granted Craig Southerland's Petition for Writ of Certiorari.

II.¶6. Craig Southerland's primary objection is to the award of child support in the amount of $1,000 per month. Craig states that the award is excessive and does not follow the statutory guidelines as found in Miss. Code Ann. § 43-19-101(2000):

(1) The following child support award guidelines shall be a rebuttable presumption in all judicial or administrative proceedings regarding the awarding or modifying of child support awards in this state:

| Number Of Children | Percentage Of Adjusted Gross Income |
|---|---|
| Due Support | That Should Be Awarded For Support |
| 1 | 14% |

. . . .

(2) The guidelines provided for in subsection (1) of this section apply unless the judicial or administrative body awarding or modifying the child support award makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined under the criteria specified in Section 43-19-103.

. . . .

(4) In cases in which the adjusted gross income as defined in this section is more than Fifty Thousand Dollars ($50,000.00) or less than Five Thousand Dollars ($5,000.00), the court shall make a written finding in the record as to whether or not the application of the guidelines established in this section is reasonable.

¶7. In this case, Craig had an adjusted gross income of $5111 per month, or $61,332 per year. Taking 14% of this number for Craig's one minor child gives an amount of $715.54 per month.

¶8. The Court of Appeals found that the trial court, when questioned about the award exceeding the statutory guidelines,

specifically mentioned the fact that, prior to the divorce proceeding, both parties had mutually agreed to enroll the child in a private school. It is clear from the record that the chancellor considered this an extraordinary expense not contemplated in the statutory guidelines. Evidence indicated that this tuition

cost was in the range of $368 per month. We note, from our own calculations, that even if Mr. Southerland's adjusted gross income over the $50,000 per year benchmark of Section 43-19-101(4) is ignored, the statutory guidelines would indicate child support of $583 per month. When the extraordinary expense of private school tuition is added to that figure, the total comes to $951 per month. The chancellor's detailed analysis of the respective financial position of the parties demonstrated that Mr. Southerland was financially able to incur this added expense for the benefit of the child beyond that suggested by a strict application of the statutory percentage. It seems equally clear that, were Mrs. Southerland forced to pay these education costs out of a monthly stipend for child support of something in the range of $600 to $700, she would be hard pressed to meet the normal expenses associated with raising a fourteen-year-old daughter.

*Southerland*, 2001 WL 537895 at * 3 ¶7.

¶9. Because the child support award exceeded the presumptive amount in the guidelines, the chancellor was required to make a written finding or specific finding that the presumptive amount was unjust or inappropriate. The trial court was also required to make a written finding of the reasonableness of the presumptive amount under § 43-19-101(4) because the adjusted gross income, for a year, would be over $50,000.

¶10. After review of the record this Court determines that this finding was not adequately made. The chancellor found that Craig had agreed before the divorce to his daughter going to private school, and she was therefore entitled to go after the divorce. The court found that Craig's daughter should not be deprived of this because of Craig's behavior which caused the end of the marriage.

¶11. The Court of Appeals agreed, noting the trial court's finding that private school tuition was an "extraordinary expense" and apparently something to be calculated separately from and in addition to the support award. The Court of Appeals cited no authority for this, and this Court has stated that school tuition, at least in the context of college, is part of child support. *See Mizell v. Mizell*, 708 So.2d 55, 60 (Miss. 1998). Any pre-college school requiring tuition in addition to what a public school education would cost should also be treated in this manner. This Court has also stated that even where parents agree to send children to private school, support awards made in consideration of this expense must also be reasonable in light of both parents' financial means. *Cupit v. Cupit*, 559 So.2d 1035, 1038 (Miss. 1990).

¶12. In *Collins v. Collins*, 722 So.2d 596 (Miss. 1998), Mr. Collins had an adjusted gross monthly income of $5,560, 14% of which amounted to $778. The chancellor ordered that Mr. Collins pay $450 in monthly support to Mrs. Collins and $300, plus any increases in tuition, to the private school their child attended. Mrs. Collins argued on appeal that $450 in support was inadequate and the additional $300 tuition "should not be combined to determine the total monthly child support award." *Id.* at 598. This Court affirmed, finding that "[a]lthough private school tuition should not be awarded in some factual circumstances, in this case the parties agreed that the child should continue to attend the private school and the child's basic needs are still adequately provided for in light of the total amount ordered and the financial disclosures of both parties." *Id.* at 599.

¶13. The chancellor's finding is not adequate under § 43-19-101. While a father's agreement prior to divorce to send a child to private school may be one legitimate factor to be considered, it is by itself an inadequate basis for an award of support in excess of that allowed by the statutory guidelines.

¶14. As for the awards of lump sum alimony and attorney's fees, we concur with the findings and judgment of the Court of Appeals without additional comment. The judgments of the Court of Appeals and the chancery court are affirmed on these issues and reversed and remanded to the chancery court for further proceedings consistent with this opinion on the issue of child support.

¶15. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

> **PITTMAN, C.J., DIAZ, EASLEY AND GRAVES, JJ., CONCUR. COBB, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. SMITH, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, J. CARLSON, J., NOT PARTICIPATING.**

> **SMITH, PRESIDING JUSTICE, DISSENTING:**

¶16. In my view, the Court of Appeals was correct in affirming the chancellor's award of child support. Because the majority concludes otherwise, I respectfully dissent.

¶17. The majority's first error is its failure to recognize and apply the applicable standard of review. In cases involving alimony and child support, we afford the chancellor considerable discretion, and his findings will not be reversed unless he was manifestly in error or abused his discretion. *Lahmann v. Hallmon*, 722 So. 2d 614, 618 (Miss. 1998); *Tanner v. Roland*, 598 So. 2d 783, 786 (Miss.1992).

¶18. Having overlooked the applicable appellate standard, the majority compounds its error by finding that the chancellor's findings were inadequate under Miss. Code Ann. § 43-19-101 (2000). Under the facts of this case, § 43-19-101 requires that the chancellor make specific findings of fact to establish why application of the child support guidelines is inappropriate and a finding that application of the guidelines is unreasonable. *See id*. (2) & (4). When questioned by Craig Southerland's counsel regarding his departure from the child support guidelines, the chancellor made express reference to the guidelines, then specifically discussed the fact that, prior to the divorce proceeding, both parties mutually agreed to enroll their child in a private school and that the child was entitled to continue attending private school. In my view, this on-the-record discussion reveals that the chancellor was aware that he had departed from the guidelines, considered them inadequate, and set forth the facts he relied upon in making such a determination. The chancellor also made specific written findings in light of the statutory guidelines. He made reference to the guidelines and explained his reasoning in determining the correct amount of child support. This is what the statute as well as case law requires the chancellor to do. *See Collins v. Collins*, 722 So. 2d 596, 598-99 (Miss. 1998); *Knutson v. Knutson*, 704 So. 2d 1331, 1335 (Miss. 1997).

¶19. As noted by the Court of Appeals, the chancellor's analysis of the parties' respective financial positions is extensive and detailed and reveals that Craig Southerland was financially able to incur the added expense and that Susan Southerland was unable to pay it had the chancellor followed the statutory guidelines. In my view, it cannot be said the chancellor's findings were manifestly erroneous or that he abused his discretion.

¶20. Finally, the majority errs in concluding that a father's agreement to send a child to private school is an inadequate basis for an award of support in excess of that allowed by the statutory guidelines. Though, certainly, it may be within the discretion of a chancery court, on a case-specific-basis, to hold that private school tuition is an inadequate basis for an award of support in excess of the statutory guidelines, the opinions of this Court demonstrate that determinations of child support are intensely fact-sensitive, requiring

"a knowledge special to the actual circumstances and to the individual child or children." ***Thurman v. Thurman***, 559 So. 2d 1014, 1017 (Miss.1990). To hold, across-the-board, that tuition is itself an inadequate basis for an award in excess of the statutory guidelines is, in my view, overly broad and contrary to the opinions of this Court.

¶21. For these reasons, I respectfully dissent.

    **WALLER, J., JOINS THIS OPINION.**