¶ 16. In my view, the Court of Appeals was correct in affirming the chancellor's award of child support. Because the majority concludes otherwise, I respectfully dissent.
¶ 17. The majority's first error is its failure to recognize and apply the applicable standard of review. In cases involving alimony and child support, we afford the chancellor considerable discretion, and his findings will not be reversed unless he was manifestly in error or abused his discretion. Lahmann v. Hallmon, 722 So.2d 614, 618 (Miss. 1998);Tanner v. Roland, 598 So.2d 783, 786 (Miss. 1992).
¶ 18. Having overlooked the applicable appellate standard, the majority compounds its error by finding that the chancellor's findings were inadequate under Miss. Code Ann. § 43-19-101 (2000). Under the facts of this case, § 43-19-101 requires that the chancellor make specific findings of fact to establish why application of the child support guidelines is inappropriate and a finding that application of the guidelines is unreasonable. See id. (2) (4). When questioned by Craig Southerland's counsel regarding his departure from the child support guidelines, the chancellor made express reference to the guidelines, then specifically discussed the fact that, prior to the divorce proceeding, both parties mutually agreed to enroll their child in a private school and that the child was entitled to continue attending private school. In my view, this on-the-record discussion reveals that the chancellor was aware that he had departed from the guidelines, considered them inadequate, and set forth the facts he relied upon in making such a determination. The chancellor also made specific written findings in light of the statutory guidelines. He made reference to the guidelines and explained his reasoning in determining the correct amount of child support. This is what the statute as well as case law requires the chancellor to do. See Collins v. Collins, 722 So.2d 596, 598-99 (Miss. 1998); Knutson v. Knutson, 704 So.2d 1331, 1335 (Miss. 1997).
¶ 19. As noted by the Court of Appeals, the chancellor's analysis of the parties' respective financial positions is extensive and detailed and reveals that Craig Southerland was financially able to incur the added expense and that Susan Southerland was unable to pay it had the chancellor followed the statutory guidelines. In my view, it cannot be said the chancellor's *Page 1008 
findings were manifestly erroneous or that he abused his discretion.
¶ 20. Finally, the majority errs in concluding that a father's agreement to send a child to private school is an inadequate basis for an award of support in excess of that allowed by the statutory guidelines. Though, certainly, it may be within the discretion of a chancery court, on a case-specific-basis, to hold that private school tuition is an inadequate basis for an award of support in excess of the statutory guidelines, the opinions of this Court demonstrate that determinations of child support are intensely fact-sensitive, requiring "a knowledge special to the actual circumstances and to the individual child or children." Thurman v. Thurman, 559 So.2d 1014, 1017 (Miss. 1990). To hold, across-the-board, that tuition is itself an inadequate basis for an award in excess of the statutory guidelines is, in my view, overly broad and contrary to the opinions of this Court.
¶ 21. For these reasons, I respectfully dissent.
WALLER, J., JOINS THIS OPINION.