**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2002-CA-02121-SCT**

*C. A. SOUTHERLAND*

*v.*

*SUSAN DIANE SHOEMAKER SOUTHERLAND*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/26/2002 |
| TRIAL JUDGE: | HON. DENNIS M. BAKER |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | DAVID L. WALKER |
| | TOMMY WAYNE DEFER |
| ATTORNEY FOR APPELLEE: | M. LEE GRAVES |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 06/24/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    This case is before this Court for the second time on the issue of child support, and C.A. (Craig) Southerland has again been ordered by the Panola County Chancery Court to pay $1,000 per month in child support for his minor daughter, Jeni. Craig appeals, assigning as error that the amount of the child support award exceeds the statutory guidelines and is based on income before remand rather than income after remand. Finding no error in the ruling of the chancery court, we affirm.

**FACTS**

¶2.    The pertinent facts were stated in this Court's first opinion in this case in 2002:

Craig and Susan Southerland were married in 1976. They had two children, one of whom was emancipated at the time of these divorce proceedings. The other child, a daughter named Jeni, was born in 1985 and was fourteen at the time of the trial. Though Craig filed for divorce in June 1999, he was at the time openly involved in an adulterous relationship, and this served as the ground for the divorce awarded to Susan.

At the time of the divorce, Craig was working in Florida and reported net monthly income of $5,111. Susan was living in Courtland, Mississippi, and working at a bank in Crowder where she earned net monthly wages of $903.66. The parties had not accumulated any appreciable assets during the course of their marriage but did own the homes in Panola County, where Susan and the children were living, and in Florida, where Craig was living. The chancellor determined that an award of lump sum alimony was appropriate under the circumstances. The chancellor noted that Susan had abandoned her career during the marriage to support Craig in his studies for the ministry and that she had worked in a closely-held business started by Craig after the parties had moved to Florida. Taking into account the respective incomes of the parties, the chancellor determined that a lump sum award of $50,000 was appropriate and ordered it to be paid in periodic monthly installments of $1,500 each. The chancellor further awarded child support in the amount of $1,000 per month and attorney's fees of $3,750 to Susan Southerland.

*Southerland v. Southerland*, 816 So.2d 1004, 1005 (Miss. 2002).

¶3.     The original $1,000 per month child support award was in excess of 14% of Craig's adjusted gross income, the guideline amount provided in Miss. Code Ann. § 43-19-101 (Rev. 2000). This Court reversed the chancery court and remanded on the issue of child support, finding that the chancery court had failed to make written findings as required by § 43-19-101(2) & (4). *See Southerland*, 816 So.2d at 1006-07.

¶4.     On remand the chancery court made the following special findings:

[T]he application of the guidelines under Section 43-19-101(4) would be unjust and inappropriate in this case. Furthermore, the amount which the Court is awarding in child support is reasonable in view of the fact that Craig Southerland's income was in excess of $50,000.00.

Under Section 43-19-103, the Court makes the following special findings, to-wit:

1.      The Court finds that Craig Southerland brought his family back to Mississippi from Florida; that Craig Southerland bought a house in Mississippi and placed a

2

mortgage on the house. Further, that he took his daughter to the private school and signed her up for the private school education. Afterwards, he told his daughter and his family that he wanted his daughter to remain in the private school with her friends. These actions on the part of Craig Southerland amount to extraordinary expenses not contemplated by the statutory guidelines (which were admitted and confirmed by Craig Southerland).

2.      The Court further finds that Craig Southerland left his family and went back to Florida to live with another woman.

3.      The Court further finds that Craig Southerland filed for a divorce on irreconcilable differences and followed a course of conduct that, in effect, left his wife no other choice than to file for divorce on the grounds of adultery.

4.      The Court further finds that Susan Southerland had to take out a second mortgage on the house to pay bills and had to seek contributions from her local church and friends to pay her utilities.

5.      The Court further finds that Susan Southerland worked at the local bank to supplement the income of the family, but that her income was very meager compared to the income of Craig Southerland.

6.      Finally, the Court finds that the payment of $1,000.00 in child support is reasonable in view of the fact that Craig Southerland makes in excess of $50,000.00 per year. The Court further observed the demeanor, bearing, and presence of Craig Southerland in Court, and it appears to the Court that this child support is reasonable and well within the financial capabilities of Craig Southerland.

*  *  *

Craig Southerland now appeals from the chancery court's judgment. We affirm that judgment.

## ANALYSIS

¶5.     "This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was used." *Kilpartrick v. Kilpatrick*, 732 So. 2d 876, 880 (Miss. 1999). This Court

reviews a chancery court's conclusions of law *de novo*. ***Saliba v. Saliba***, 753 So. 2d 1095, 1098 (Miss. 2000).

> *I. Did the chancery court err when it awarded an amount of child support which exceeds the statutory guidelines for child support?*

¶6.     "[C]hild support award guidelines shall be a rebuttable presumption in all judicial or administrative proceedings regarding the awarding or modifying of child support awards in this state." Miss. Code Ann. § 43-19-101(1) (Rev. 2000). A chancery court may make an award which exceeds the guidelines, but must accompany such an award with

> a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined according to the following criteria:
>
> (a)     Extraordinary medical, psychological, educational or dental expenses;
>
> (b)     Independent income of the child;
>
> (c)     The payment of both child support and spousal support to the obligee;
>
> (d)     Seasonal variations in one or both parents' incomes or expenses;
>
> (e)     The age of the child, taking into account the greater needs of older children;
>
> (f)     Special needs that have traditionally been met within the family budget even though the fulfilling of those needs will cause the support to exceed the proposed guidelines;
>
> (g)     The particular shared parental arrangement, such as where the noncustodial parent spends a great deal of time with the children thereby reducing the financial expenditures incurred by the custodial parents, or the refusal of the noncustodial parent to become involved in the activities of the child, or giving due consideration to the custodial parent's homemaking services;
>
> (h)     Total available assets of the obligee, obligor and the child.
>
> (i)     Any other adjustment which is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt.

4

Miss. Code Ann. § 43-19-103 (Rev. 2000).

¶7. This Court previously held that the chancery court erred when it awarded an amount of child support for Jeni that exceeded the statutorily recommended amount, without making the required on-the-record findings. *Southerland*, 816 So. 2d at 1006-07. On remand, the chancery court properly made such findings in compliance with this Court's decision, and specifically found that Craig's actions with regard to sending his daughter to a private school amounted to extraordinary expenses not contemplated by the statutory guidelines. Craig now argues, in essence, that the chancellor abused his discretion by failing to take into account the amount Craig is paying for private school tuition and that the monthly support payment should be reduced accordingly.

¶8. Subsequent to this Court's first decision in the present case, we decided *Hensarling v. Hensarling*, 824 So.2d 583 (Miss. 2002), in which a chancery court awarded an amount of child support that exceeded the statutorily recommended amount of child support because, among other things, the children attended private school. This Court affirmed as follows:

> [T]he chancellor found that special circumstances so exist which would "necessitate a variance from the statutory guidelines in setting Ken's obligation of child support." He noted that as a doctor, Ken has the ability to earn a substantial income, whereas at this time, Brenda has no source of income other than the rehabilitative alimony she will receive for a few years. Also, the children have special needs which he deemed to include private school tuition, as the children's friends and "daily routines and activities" stem from them attending private school. We find that these reasons meet the criteria set out in Miss. Code Ann. § 43-19-103(f) & (h).

*Hensarling*, 824 So. 2d at 588. In the present case, Craig wanted his daughter to remain in private school with her friends. The chancery court found that Craig was able to meet the expense and that he has the ability to earn a substantial income while Susan has a comparatively small source of income. As with any child of school age, Jeni's daily routines and activities revolve around her school, and she had

5

attended the private school "ever since [the Southerlands] moved back to Mississippi." Jeni was enrolled in the private school at the time of the divorce.

¶9.     Craig has made no showing that the chancery court's finding is manifestly in error, or that the chancellor abused his discretion in awarding child support for Jeni in the sum of $1,000 per month. This issue is without merit

> II.  *Did the chancery court err when it awarded an amount of child support based on income before remand rather than income after remand*?

¶10.     This Court previously remanded this action to the chancery court for "further proceedings consistent with th[e] opinion on the issue of child support." **Southerland**, 816 So. 2d at 1007. On remand, the chancery court made a written finding that "the payment of $1,000.00 in child support is reasonable in view of the fact that Craig Southerland makes in excess of $50,000.00 per year." However, the chancery court's finding was based on Craig's income before remand and not his income after remand. Craig argues that the trial court abused its discretion in refusing to revisit the issue of child support as of the date of the hearing.

¶11.     This Court did not remand the case for a new trial on child support. Craig does not cite any case law or statutory authority requiring the chancery court to award child support based on Craig's income after remand, though such consideration would be within the chancery court's equitable authority, upon an appropriate motion for modification. There is no merit to this issue.

## CONCLUSION

¶12.     In cases involving child support, we afford the chancellor considerable discretion, and his findings will not be reversed unless he was manifestly in error or abused his discretion. There is no showing that either occurred in this case; and therefore, the judgment of the Panola County Chancery Court is affirmed.

6

¶13.  **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., EASLEY, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  DIAZ AND CARLSON, JJ., NOT PARTICIPATING.**