924 So.2d 550 (2005)
Brenda Demo ROBERTS, Appellant
v.
William Frederick ROBERTS, Appellee.
No. 2004-CA-00754-COA.
Court of Appeals of Mississippi.
September 13, 2005.
Rehearing Denied December 6, 2005.
*551 Steven Glen Roberts, attorney for appellant.
D. Pace Branan, Southaven, Robert P. Chamberlin, Hernando, attorneys for appellee.
*552 Before KING, C.J., MYERS and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. This is an appeal from the Chancery Court of Desoto County, Mississippi, where Brenda Demo Roberts and William Frederick Roberts consented to and were granted a divorce on the grounds of irreconcilable differences. The parties were unable to reach an agreement as to the division of a number of the marital assets, the amount of child support to be paid by William Roberts, as non-custodial parent, including private school tuition, the entitlement of Brenda Roberts to alimony, and, finally, attorneys' fees. Pursuant to Section 93-5-2(3) of the Mississippi Code, the Roberts agreed to have the chancellor resolve these matters. Aggrieved by the chancery court's decision, Mrs. Roberts appeals. She presents three issues for this Court's consideration, which we cite verbatim:
I. The Chancery Court erred in calculating the income of the Appellee which served as the basis for the amount of the award of child support under the guidelines.
II. The Chancery Court erred in declining to order that the Appellee be responsible for the cost of private school tuition.
III. The Chancery Court erred in the amount and duration of alimony awarded to Brenda Roberts.
Finding no error, we affirm.

FACTS
¶ 2. Brenda Demo Roberts and William Frederick Roberts were married on April 26, 1986. The parties had two children, a son born on November 14, 1988, and a daughter born on March 21, 1991. After sixteen years of marriage, Mrs. Roberts filed for divorce on August 13, 2002. On September 24, 2003, the parties filed a consent to a divorce upon the grounds of irreconcilable differences. That document also agreed to have the chancellor decide those issues, which the parties were unable to agree upon. Those issues, as stated by the parties were: (a) the Court shall determine the amount of child support to be paid by the non-custodial parent, including private schools, college, medical, etc.; (b) an equitable division of marital assets accumulated or acquired during the marriage by the parties not heretofore or previously divided; (c) the amount and kind of alimony, if any, to be awarded to Brenda Demo Roberts; and (d) That amount of attorney fees and expenses, if any, to be awarded to either party.
¶ 3. Mr. Roberts holds a college degree and Mrs. Roberts does not. Mrs. Roberts has three years of credits as a medical technician, but she does not maintain any license or certification allowing her to act as a medical technician. Prior to the children's birth, she primarily worked as a full time sales representative from 1986 to 1988. In 1995, she obtained employment as a full-time sales representative. For most of the marriage Mr. Roberts maintained full-time employment. However, in 1995 he left his employment rather than relocate to another city. Approximately eighteen months later, in 1997, Mr. Roberts resumed employment. Mrs. Roberts then became employed on a part-time basis in order to remain at home with the children.

ISSUES AND ANALYSIS

ISSUE I.

CHILD SUPPORT
¶ 4. Mrs. Roberts contends that the chancery court erred in calculating the income of Mr. Roberts, and by so doing, misapplied the child support guidelines. *553 Mr. Roberts' income fluctuated. In his financial statement, Mr. Roberts listed his approximate yearly employment income for the period April 1997-April 2000 as $47,500. For the period April 2000 to September 2003, Mr. Roberts listed earnings of $65,000 a year plus a maximum bonus of $24,000. He averaged his income over several years at $7,224 per month.
¶ 5. Mr. Roberts was a pharmaceutical salesman, with a fluctuating income. Because Mr. Roberts' income fluctuated, the chancery court used a three-year income average to determine the applicable amount of child support. Where income tends to fluctuate, a chancellor may use income averaging to calculate applicable child support. In Burge v. Burge, 851 So.2d 384 (¶ 5-8) (Miss.Ct.App.2003), we upheld the use of averages for fluctuating income as acceptable. This State in Mississippi Code Annotated § 43-19-101 (Supp.2003) has established child support award guidelines, which create a "rebuttable presumption" of correctness. Under these guidelines, the non-custodial parent is required to pay twenty percent of his adjusted gross income for the support of two children. See Miss.Code Ann. § 43-19-101(1) (Supp.2003).
¶ 6. The chancellor averaged Mr. Roberts' income from 2000 to 2003, and found his monthly income to be $7,224. After the allowable exclusions, the chancellor found adjusted gross income of $5,326.02, applied twenty percent to it, and determined that Mrs. Roberts was entitled to child support of $1,065.20. Mrs. Roberts contends that the chancellor merely accepted Mr. Roberts' evidence as to income at face value, and failed to fully consider the income from the previous years and the current year income. The chancellor is the trier of fact, and determines the weight and credibility to be accorded the evidence. Murphy v. Murphy, 631 So.2d 812, 815 (Miss.1994). Where those findings are supported by substantial credible evidence, this Court is bound by them. Martin v. Coop, 693 So.2d 912, 915 (Miss.1997).
¶ 7. In this case, the chancellor found as credible the testimony and financial statement of Mr. Roberts, and used those figures to calculate child support. In his bench opinion, the chancellor noted that Mr. Roberts income exceeded $50,000 per year, but found it appropriate to apply the statutory child support guidelines. The chancellor adhered to the guidelines of Mississippi Code Annotated § 43-19-101, and this Court finds no error in that action. Therefore, this issue is without merit.

ISSUE II.

PRIVATE SCHOOL TUITION
¶ 8. Mrs. Roberts contends that chancery court erred in declining to order that Mr. Roberts be responsible for the cost of private school tuition. The chancellor determined that there were no special circumstances that would require either party to be responsible for the cost of private school tuition. The Mississippi Supreme Court has stated that "pre-college tuition is considered part of child support, not an extraordinary expense." Southerland v. Southerland, 816 So.2d 1004, 1006 (¶ 11) (Miss.2002). Although the parties had a previous agreement to send the children to private school, their agreement cannot be the sole factor that a chancellor considers. "While a father's agreement prior to divorce to send a child to private school may be one legitimate factor to be considered, it is by itself an inadequate basis for an award of support in excess of that allowed by the statutory guidelines." Southerland, 816 So.2d at 1007 (¶ 13).
*554 ¶ 9. There were no special circumstances presented to the court that justified an additional award to cover private school tuition. Therefore, we find no merit in this issue.

ISSUE III.

ALIMONY
¶ 10. The chancellor awarded Mrs. Roberts rehabilitative alimony of $673 per month for thirty-six months. This sum is the difference between her monthly income and her claimed expenses. The purpose of rehabilitative alimony is to aid the former spouse as he or she transitions back into the workplace and self sufficiency. Lauro v. Lauro, 847 So.2d 843, 849 (¶ 15)(Miss.2003).
¶ 11. Generally, alimony is not considered in a vacuum, but is instead considered in conjunction with equitable distribution. Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss.1994). Alimony should be considered only "[i]f the situation is such that an equitable division of marital property, considered with each party's non-marital assets, leaves a deficit for one party." Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994) "If there are sufficient marital assets which, when equitably divided and considered with each spouse's non-marital assets, will adequately provide for both parties, no more need be done." Id.
¶ 12. The parties had marital assets of $345,741.96, which were equally divided by the chancellor. The chancellor thus determined that no permanent alimony was needed.
¶ 13. The evidence established that Mrs. Roberts had been gainfully employed in the past, and had the capacity to earn an income equal to that of Mr. Roberts. Because Mrs. Roberts had limited her gainful employment in order to be a homemaker, the chancellor determined that rehabilitative or transitional alimony was appropriate to aid her in returning to the workplace and self sufficiency.
¶ 14. The question of rehabilitative alimony, including a determination of what is the proper period of transition, is a matter left to the sound discretion of the chancellor. Parsons v. Parsons, 678 So.2d 701, 703 (Miss.1996). Unless the chancellor abuses that discretion, this Court is not at liberty to reverse his decision. This Court finds that the chancellor did not abuse his discretion, and this matter is without merit.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.