# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-01230-SCT

*DANNY L. HOLLEY*

*v.*

*WANDA S. HOLLEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/2006 |
| TRIAL JUDGE: | HON. KENNETH M. BURNS |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | MARK G. WILLIAMSON |
| ATTORNEYS FOR APPELLEE: | JOHN W. CROWELL |
| | KRISTEN WOOD WILLIAMS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 11/29/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE DIAZ, P.J., DICKINSON AND LAMAR, JJ.

## DICKINSON, JUSTICE, FOR THE COURT:

¶1.     In this divorce case, Danny L. Holley claims the chancellor awarded excessive alimony. Finding no abuse of discretion, we affirm.

## FACTS AND PROCEEDINGS

¶2.     When the Lowndes County Chancery Court granted Wanda and Danny Holley a divorce in 2002, they had been married nineteen years. Danny was a stock broker and Wanda was a partner in an accounting firm.

¶3.     At trial, Danny provided several reasons why he had experienced a decrease in income, including prior treatment for alcohol abuse, a loss of clients, and a downturn in the

stock market. The chancellor considered Danny's average earnings for the previous six years and ordered Danny to pay $2,000 per month in periodic alimony for sixty months.

¶4.     Danny appealed, and this Court reversed and remanded for a determination of the appropriate type and amount of alimony. *Holley v. Holley*, 2002-CT-00296-SCT (Miss. 2002). On remand, the parties agreed to have the chancellor reconsider the evidence presented in the original trial. The chancery court re-examined the evidence and ordered Danny to pay $750 per month in periodic alimony and $500 per month in alimony arrearages. Danny now appeals that judgment.

## ANALYSIS

¶5.     The only issue presented for our review is whether the award of alimony was excessive. A chancellor's order granting alimony will not be reversed on appeal unless it is against the overwhelming weight of the evidence. *Harrell v. Harrell*, 231 So. 2d 793 (Miss. 1970). Deference is afforded the chancellor's determinations so long as there is substantial evidence to support those determinations. *McEwen v. McEwen*, 631 So. 2d 821, 823 (Miss. 1994). A chancellor's findings may be reversed only if manifestly wrong or clearly erroneous. *Sanderson v. Sanderson*, 824 So. 2d 623, 626 (Miss. 2002).

¶6.     After applying the factors established by this Court in *Armstrong v. Armstrong,* the Chancellor determined that an award of alimony was appropriate. *Armstrong*, 618 So. 2d 1278, 1281-82 (Miss. 1993). Specifically, the chancellor determined that Danny's net income was greater than Wanda's and that Wanda's expenses were higher than Danny's. He considered the needs of the parties. The chancellor found that the nineteen-year marriage was long. He considered the fact that the children lived with Wanda and that, without

2

alimony, Wanda could not maintain her previous standard of living because her expenses are much greater than her income. He found that Danny's adulterous conduct was the sole cause of the breakup of the marriage. He also considered all of the other relevant *Armstrong* factors.

¶7.     Taking these factors into account, as is proper under *Armstrong*, the chancellor granted Wanda $750 per month in periodic alimony. Because this determination is supported by the evidence, it will not be disturbed.

¶8.     When calculating Danny's income, the chancellor considered Danny's average income for the six years preceding the trial. There was considerable evidence that, as a stock broker working on commission, Danny's income fluctuated depending on the number of clients he served and the number and size of transactions he facilitated, all of which may be affected by fluctuations in the stock market. Because of the fluctuations in Danny's income, it was appropriate for the chancellor to use an average of Danny's income for the prior six years. *Roberts v. Roberts*, 924 So. 2d 550, 553 (Miss. App. 2005). Although Danny presented evidence that his income was declining, the chancellor is the trier of fact and determines the weight and credibility of the evidence. *Murphy v. Murphy*, 631 So. 2d 812, 815 (Miss. 1994).

¶9.     The chancellor also considered a list of expenses that Wanda submitted to the court. Danny offered no testimony or evidence that Wanda's expenses were false, misleading or otherwise erroneous. Instead, Danny now argues that Wanda's income minus reported expenses for seven months prior to the divorce would leave her with a $25,000 deficit for which she has failed to account. However, Wanda testified that during this seven-month

3

period, she made interest-only payments on her home, incurred credit card bills of more than $6,000, did not buy back-to-school clothes for the children, and delayed paying her property taxes of $3,500. In addition, two of their children took part-time jobs because Danny was providing little support. This would account for most, if not all, of the $25,000 for which Wanda allegedly failed to account.

¶10. This Court previously reversed the chancellor's initial award of "periodic alimony," finding that it should have been characterized as rehabilitative periodic alimony. On remand, the chancellor again awarded periodic alimony, but stated that the alimony shall continue until Wanda remarries or one of the parties dies.

¶11. Periodic alimony, "if allowed, should be reasonable in amount, commensurate with the wife's accustomed standard of living, minus her own resources, and considering the ability of the husband to pay." *Creekmore v. Creekmore*, 651 So. 2d 513, 517 (Miss. 1995). Periodic alimony is subject to modification and ceases upon the remarriage of the wife or the death of either party. *McDonald v. McDonald*, 683 So. 2d 929 (Miss. 1996). Periodic alimony may not be subject to time limitations. *Waldron v. Waldron*, 743 So. 2d 1064, 1065 (Miss. App. 1999). The Court espoused a list of factors that the chancellor should consider when entering a judgment awarding alimony in *Armstrong v. Armstrong*, 618 So. 2d 1278, 1281-82 (Miss. 1993).

¶12. In this case, the chancellor examined and applied all of the *Armstrong* factors in making his determination that periodic alimony of $750 per month was appropriate. As discussed above, the evidence presented in this case supports his findings. Therefore, it was not manifestly erroneous to award periodic alimony.

4

## CONCLUSION

¶13.    For the reasons stated above, this Court finds that the chancellor's award of periodic alimony in the amount of $750 and the award of $500 per month in alimony arrearages was appropriate and the chancellor's award is affirmed.

¶14.    **AFFIRMED**.

**SMITH, C.J., WALLER AND DIAZ, P.JJ., CARLSON, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR.  EASLEY, J., NOT PARTICIPATING.**