BARNES, J„
 

 for the Court.
 

 ¶ 1. The Chancery Court of DeSoto County granted a divorce to Tommy Lee George and Daphne Diane George (Diane) on the ground of irreconcilable differences. Tommy now appeals the chancellor’s awards of periodic and lump-sum alimony to Diane. Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Tommy and Diane were married on March 21, 1975, in Memphis, Tennessee. In 1986, the couple moved to Horn Lake, Mississippi. Tommy has worked as a truck driver for The Kroger Co. (Kroger) since 1998. Diane was primarily a homemaker during the marriage, but she began working part time as a cafeteria worker with Horn Lake High School in 1999. The couple have two children born of the marriage; however, both children were emancipated as of the divorce proceedings.
 

 ¶ 3. Tommy and Diane separated in early 2007. On September 14, 2007, Diane
 
 *427
 
 filed a complaint for divorce on the grounds of habitual cruel and inhuman treatment and habitual drunkenness by Tommy or, in the alternative, irreconcilable differences. Tommy filed an answer and counter-complaint claiming habitual cruel and inhuman treatment on the part of Diane or, in the alternative, irreconcilable differences. On May 20, 2008, a hearing was held on the complaints for divorce. As a result of the hearing, both parties entered a voluntary consent to divorce based upon irreconcilable differences on May 21, 2008, with the court to determine certain issues.
 
 [1]
 
 In the divorce decree, the chancellor awarded Diane a fifty-percent interest in Tommy’s retirement account with Kroger and full interest in the couple’s 2005 Chrysler minivan, with Tommy to be responsible for any outstanding indebtedness on the van. In addition, Diane was awarded sole, exclusive possession of the marital home. Determining that there was $15,500 of equity in the marital home, the chancellor divided this amount equally between the parties, with each receiving $7,750. However, Tommy’s award of the marital-home equity was awarded to Diane as lump-sum alimony. Diane was also awarded $1,000 per month in periodic alimony. Tommy filed a notice of appeal on June 13, 2008, claiming that the chancellor erred in awarding Diane periodic and lump-sum alimony.
 

 STANDARD OF REVIEW
 

 ¶ 4. The decision regarding whether to “award alimony, as well as the amount, is left to the chancellor’s discretion.”
 
 Lofton v. Lofton,
 
 924 So.2d 596, 599(¶ 12) (Miss.Ct.App.2006) (citing
 
 Voda v. Voda,
 
 731 So.2d 1152, 1154(¶ 7) (Miss.1999)). Our standard of review of the chancellor’s award of alimony is limited and “will not be altered on appeal unless it is found to be against the overwhelming weight of the evidence or manifestly in error.”
 
 Reid v. Reid,
 
 998 So.2d 1032, 1036(¶ 7) (Miss.Ct.App.2008) (citing
 
 Crowe v. Crowe,
 
 641 So.2d 1100, 1102 (Miss.1994)). However, questions of law are reviewed under a de novo standard.
 
 Lofton,
 
 924 So.2d at 599(¶ 12) (citing
 
 Townsend v. Townsend,
 
 859 So.2d 370, 372(¶ 7) (Miss.2003)).
 

 WHETHER THE CHANCELLOR ERRED IN AWARDING DIANE PERIODIC AND LUMP-SUM ALIMONY.
 

 A. Periodic Alimony
 

 ¶ 5. If the chancellor determines that one party “has suffered a deficit” after the marital assets have been equitably divided, alimony should be considered.
 
 McIntosh v. McIntosh,
 
 977 So.2d 1257, 1271 (¶ 50) (Miss.Ct.App.2008). A chancellor’s award of alimony “should be reasonable in amount, commensurate with the wife’s accustomed standard of living, minus her own resources[,] and considering the ability of the husband to pay.”
 
 Barnett v. Barnett,
 
 908 So.2d 833, 843(¶ 24) (Miss.Ct.App.2005). As long as the chancellor adheres to this standard, the amount of the alimony award “is largely within his discretion.”
 
 Id.
 

 ¶ 6. “Alimony associated with the maintenance and support of a former spouse is in the nature of periodic alimony.”
 
 Jones v. Jones,
 
 917 So.2d 95, 99(¶ 11) (Miss.Ct.App.2005) (citing
 
 Cunningham v. Lanier,
 
 589 So.2d 133, 136-37 (Miss.1991)). “Periodic alimony is subject to modification and ceases upon the remarriage of the wife or the death of either party.”
 
 Holley v. Holley,
 
 969 So.2d 842, 844(¶ 11) (Miss.2007) (citing
 
 McDonald v. McDonald,
 
 683 So.2d 929, 931 (Miss.1996)). “The award of periodic alimony
 
 *428
 
 arises from the duty of the husband to support his wife ... in the manner to which she has become accustomed, to the extent of his ability to pay.”
 
 McIntosh,
 
 977 So.2d at 1271(¶ 50) (citations omitted). Therefore, periodic alimony should only be considered if the chancellor determines that a spouse has suffered a disparity of income and standard of living following the equitable division of the marital assets.
 
 Carroll v. Carroll,
 
 976 So.2d 880, 886(¶ 12) (Miss.Ct.App.2007) (citing
 
 Lauro v. Lauro,
 
 847 So.2d 843, 848(¶ 13) (Miss.2003)).
 

 ¶ 7. Further, an award of periodic alimony is based upon need.
 
 Beezley v. Beezley,
 
 917 So.2d 803, 807(¶ 11) (Miss.Ct.App.2005) (citation omitted). In determining whether an award of periodic alimony is merited, the Mississippi Supreme Court has set forth factors, which are to be considered, in
 
 Armstrong v. Armstrong,
 
 618 So.2d 1278, 1280 (Miss.1993).
 
 [2]
 
 The factors are: (1) the income and expenses of the parties; (2) the health and earning capacities of the parties; (3) the needs of each party; (4) the obligations and assets of each party; (5) the length of the marriage; (6) the presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care; (7) the age of the parties; (8) the standard of living of the parties, both during the marriage and at the time of the support determination; (9) the tax consequences of the spousal support order; (10) fault or misconduct; (11) wasteful dissipation of assets by either party; and (12) any other factor deemed by the court to be “just and equitable” in connection with the setting of spousal support.
 
 Id.
 
 In support of the award of periodic alimony, the chancellor noted that Diane was in her fifties, that the couple had been married for thirty-three years, and the disparity in incomes between the parties. Although Tommy testified that his weekly salary was $616, the chancellor noted that this figure was merely Tommy’s base pay and did not take into account mileage paid to him on trips. Therefore, Tommy’s monthly adjusted gross income was determined to be $3,131, compared to Diane’s adjusted gross income of $426 per month. In addition, Diane was responsible for making the monthly mortgage payment of $762 as she was awarded exclusive possession of the marital residence.
 

 ¶ 8. Another factor the chancellor considered was the health and earning capacity of the parties. Diane testified that she had recent bladder surgery and that she also had back pain for which she received a nerve block and physical therapy. She claimed that her back problem limited the amount of time she could stand on her feet to approximately six hours. Tommy argues that Diane’s claims of physical impairment should not have been considered as she had not missed any work due to her back problems, nor was she under any physician-ordered restrictions. Additionally, Tommy claims that Diane could obtain an additional part-time job.
 
 [3]
 
 We find this argument unconvincing. The chancellor observed that Diane’s education level was low; she had only recently received her GED. She also had a sparse employment history, which would likely make it difficult for her to obtain gainful employment. Based on these facts, we consider it
 
 *429
 
 unreasonable for Tommy to insist Diane, who is in her fifties, work an unskilled job, in addition to the six hours she already works at the high school, in order to supplement her income.
 

 ¶ 9. Tommy also contends that the chancellor abused his discretion in finding that Tommy was guilty of misconduct during the marriage, namely that Tommy had a relationship with his second cousin, Alicia Wilson, during the marriage. However, “fault or misconduct” is clearly a factor that may be considered under
 
 Armstrong. See Lauro,
 
 847 So.2d at 850(¶ 17) (although alimony should not be awarded as a punishment, “fault is a proper consideration for awarding periodic alimony”). Evidence showed that Tommy stayed at Wilson’s house several times in the two years prior to the divorce proceedings. Tommy testified that the last time he stayed at Wilson’s house was in October 2007, and that he had given Wilson money for rent and repairs for her house. He also helped Wilson obtain a job with Kroger, driving a truck. Three cards/notes were admitted into evidence which contained personal thoughts and statements of affection and love from Wilson to Tommy. Based upon this evidence, we find no error in the chancellor’s determination of fault or misconduct by Tommy during the marriage. Further, the chancellor’s finding of “fault or misconduct” was not the sole reason for awarding periodic alimony; rather, it was merely considered in conjunction with the other factors discussed above.
 

 ¶ 10. Accordingly, we find no abuse of discretion in the chancellor’s award of periodic alimony to Diane and affirm on this issue.
 

 B. Lump-sum Alimony
 

 ¶ 11. Tommy contends that the lump-sum alimony award of $7,750 was “financially unnecessary” as Diane had been awarded a fifty-percent interest in Tommy’s retirement account and exclusive use and possession of the marital home. A chancellor utilizes lump-sum alimony as a tool in equitably distributing marital assets.
 
 Haney v. Haney,
 
 907 So.2d 948, 952(¶ 17) (Miss.2005). “[It] is intended as an equalizer between the parties to serve equity amongst them completely once and for all.”
 
 Hubbard v. Hubbard,
 
 656 So.2d 124, 130 (Miss.1995). The award of lump-sum alimony “is a final settlement, not subject to modification.”
 
 Id.
 
 at 129. Whether to “award lump[-]sum alimony is within the discretion of the chancellor and will not be reversed unless that discretion was abused.”
 
 Weeks v. Weeks,
 
 832 So.2d 583, 587(¶ 15) (Miss.Ct.App.2002) (citing
 
 McEachern v. McEachern,
 
 605 So.2d 809, 814 (Miss.1992)).
 

 ¶ 12. In awarding lump-sum alimony to Diane, the chancellor considered the factors set forth by the Mississippi Supreme Court in
 
 Cheatham v. Cheatham,
 
 537 So.2d 435, 438 (Miss.1988). These factors are: (1) the substantial contribution to accumulation of total wealth of the payor either by quitting a job to become a housewife, or by assisting in the spouse’s business; (2) a long marriage; (3) where recipient spouse has no separate income or the separate estate is meager by comparison; and (4) the receiving spouse would lack any financial security without the lump-sum award.
 
 Id.
 
 When cases involving the award of lump-sum alimony are analyzed, “the single most important factor undoubtedly is the disparity of the separate estates.”
 
 Id.
 
 However, the Mississippi Supreme Court noted in
 
 Haney
 
 that no case “authorizes the award of lump[-]sum alimony or an equitable distribution of non-marital assets based upon nothing more than one spouse’s need and
 
 *430
 
 the other’s ability to pay.”
 
 Haney,
 
 907 So.2d at 955(¶ 28).
 

 ¶ 18. Although he did not make specific findings as to each factor, the chancellor did consider the couple’s lengthy marriage, Diane’s limited employment skills, and her medical problems in his award of lump-sum alimony. The testimony also showed that Diane was a homemaker for most of her married life and had been the main caregiver for the couple’s children. When the children were older, she began working part-time, which still allowed her to be home when the children were out of school. She testified that the income from her part-time job went into the household funds to pay bills. “In determining a spouse’s contribution which justifies equitable distribution, we look not only at cash contributions and assistance in the spouse’s workplace or business, but also to domestic work in the home such as caring for children, cooking meals, cleaning house, and washing and ironing clothes.”
 
 Id.
 
 at 955(¶ 27).
 

 ¶ 14. As to the remaining
 
 Cheatham
 
 factors, it is evident that there was a significant disparity between the parties’ estates, and without the award of lump-sum alimony, Diane lacked financial security. As mentioned, Diane was responsible for the monthly mortgage payment of $762 on the marital home in addition to her living expenses; yet, her monthly income was only $462. Tommy had been the primary source of the couple’s income, and Diane’s income was significantly “meager” in comparison to Tommy’s.
 

 ¶ 15. Therefore, based upon our review of the chancellor’s findings, we find no manifest error in the award of lump-sum alimony to Diane and affirm on this issue.
 

 ¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . An order withdrawing the fault grounds for divorce was also entered.
 

 [2]
 

 . We observe that there was confusion in the record as to which factors to use in determining the two distinct types of alimony. However, the chancellor correctly applied the facts of the case to factors contained in
 
 Armstrong;
 
 therefore, we find no reversible error.
 

 [3]
 

 . Tommy notes that Diane had, at one point, obtained another part-time job in 2006. However, the testimony reveals that it was during the summer months, when she was not working at the school.