879 So.2d 1043 (2004)
Christopher Jerome MOSES, Appellant,
v.
Kindalin Kay MOSES, Appellee.
No. 2003-CA-00673-COA.
Court of Appeals of Mississippi.
March 23, 2004.
Rehearing Denied August 10, 2004.
*1045 James Eldred Renfroe, Roy J. Perilloux, Jackson, attorneys for appellant.
Rajita Iyer Moss, Bobby Owens, Jackson, attorneys for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
BRIDGES, J., for the Court.
¶ 1. The Chancery Court for the Second Judicial District of Hinds County, Mississippi granted Kindalin Kay Moses a divorce from Christopher Jerome Moses on the ground of habitual cruel and inhuman treatment. Joint custody was granted of the minor child with Kindalin having primary physical custody subject to Christopher's visitation rights. Child support was granted with Christopher being required to pay 14% of his income for support and maintenance as provided by law. In addition, Christopher was required to maintain health insurance for the child, pay half of all costs not covered by insurance and pay half of parochial school tuition and expenses. Of the marital property Christopher was granted sole use and possession of the marital home provided that he continue paying expenses related to the home and pay Kindalin half the adjudicated equity in the home, otherwise the home would be offered for public sale. The rest of the marital property was divided according to lists provided by the parties and the division of debt was left to be considered by the attorneys.
¶ 2. Christopher filed a motion to reconsider which was denied. Now Christopher appeals on the following issues:

*1046 STATEMENT OF THE ISSUES
I. DID THE CHANCELLOR COMMIT ERROR IN FINDING SUFFICIENT EVIDENCE TO AWARD APPELLEE A DIVORCE OF AND FROM APPELLANT ON THE GROUNDS OF HABITUAL CRUEL AND INHUMAN TREATMENT?
II. DID THE CHANCELLOR COMMIT ERROR IN REQUIRING APPELLANT TO PAY THE MINOR CHILD'S PRIVATE SCHOOL TUITION, IN ADDITION TO HIS MONTHLY CHILD SUPPORT OBLIGATION?
III. DID THE CHANCELLOR COMMIT ERROR IN PERMITTING WITNESSES AND PHYSICAL EVIDENCE INTO THE EVIDENCE DESPITE SUCH BEING SUPPLEMENTED ONLY SHORTLY BEFORE TRIAL?
IV. DID THE CHANCELLOR COMMIT ERROR IN PERMITTING DR. LORI FULTON TO TESTIFY AS TO THE SOURCE OF APPELLEE'S DISEASES?
V. DID THE CHANCELLOR COMMIT ERROR IN REQUIRING THE DIVISION OF MARITAL HOMESTEAD WHEREIN APPELLEE OFFERED NO PROOF OF HER PORTION OF CONTRIBUTION TO THESE ASSETS AND THE CHANCELLOR FAILED TO ENUMERATE THE REQUIRED FERGUSON FACTORS?

FACTS
¶ 3. Christopher and Kindalin were married in 1994 in Hinds County. From this marriage a female one child was born in 1998. In 2001, while both were citizens and residents of Hinds County, the parties separated. Kindalin filed for temporary relief and divorce on the grounds of adultery, habitual cruel and inhuman treatment and irreconcilable differences later that same year. Later she dropped the charge of adultery. Christopher filed and later withdrew a counter claim for divorce also on the grounds of habitual cruel and inhuman treatment and irreconcilable differences.
¶ 4. Prior to the filing of her complaint for divorce a complaint was lodged with the Department of Health and Human Services that an "Uncle Johnny" was molesting the minor child. Therefore, in 2002 the trial court ordered an independent psychological evaluation of the child and appointed a guardian ad litem for her during these proceedings. Also, there was a question during the hearings as to whether Christopher was the source of Kindalin's sexually transmitted diseases. Two hearings were conducted with a third for procedural matters but at the close of the second hearing a judgment of divorce was entered.

ANALYSIS
¶ 5. "In this and many other contexts, findings of fact made by a chancellor may not be set aside or disturbed on appeal unless manifestly wrong. This is so whether the finding relates to an evidentiary fact question ... or an ultimate fact question." Tucker v. Tucker, 453 So.2d 1294, 1296 (Miss.1984). This standard of review will apply to all five issues on appeal.

I. DID THE CHANCELLOR COMMIT ERROR IN FINDING SUFFICIENT EVIDENCE TO AWARD APPELLEE A DIVORCE OF AND FROM APPELLANT ON THE GROUNDS OF HABITUAL CRUEL AND INHUMAN TREATMENT?
¶ 6. Chancellor Patricia Wise granted Kindalin a divorce on the grounds of habitual cruel and inhuman treatment and *1047 based her decision on two evidentiary findings. First, Christopher was found to be the source of Kindalin's numerous sexually transmitted diseases (STDs). This finding was based on the testimony of Kindalin, her treating physician, the refusal of the court to accept Christopher's interpretation of his medical records and Christopher's failure to deny accusations of being a carrier of these STDs when confronted by Kindalin's physician. The second basis for the chancellor's decision was the undisputed testimony that Christopher taped the phone conversations of Kindalin before and after the separation of the parties.
¶ 7. In order to establish the basis for divorce on the ground of habitual cruel and inhuman treatment the claimant should produce evidence to prove conduct that: "either endanger[s] life, limb, or health, or create[s] a reasonable apprehension of such danger, rendering the relationship unsafe for the party seeking relief, or in the alternative, be so unnatural and infamous as to make the marriage revolting to the offending spouse and render it impossible for that spouse to discharge the duties of the marriage, thus destroying the basis for its continuance." S. Hand, Mississippi Divorce, Alimony and Child Custody § 4-12 (2d ed. Supp.1991); Gardner v. Gardner, 618 So.2d 108, 113-14 (Miss.1993). A causal connection between the treatment and separation must exist. Id. (citing Fournet v. Fournet, 481 So.2d 326, 328 (Miss.1985)).
¶ 8. Since this was not an uncontested divorce, according to Mississippi case law, the plaintiff must prove the ground for divorce by a preponderance of the credible evidence. Cooper v. Cooper, 518 So.2d 664, 666 (Miss.1988). Then the trier of fact will evaluate the sufficiency of the proof based on the credibility of witnesses and the weight of their testimony. Rainey v. Rainey, 205 So.2d 514, 515 (Miss.1967). Therefore, in the present case the chancellor was required to find that Kindalin met the evidentiary requirements required for divorce on the grounds of habitual cruel and inhuman treatment by a preponderance of the credible evidence.
¶ 9. "Habitual cruel and inhuman treatment is not the catch-all category to permit a divorce when a marriage is suffering difficulties, and absent an agreement by the spouses that would permit an irreconcilable differences divorce, neither party is entitled to be granted a divorce without providing the proof necessary to support the grounds that are alleged." Crenshaw v. Crenshaw, 767 So.2d 272, 276(¶ 14) (Miss.Ct.App.2000). The evidence Kindalin presented to support the findings that Christopher recorded her phone conversations was through his admission during cross examination. He admitted that in 1995 he taped her conversations with her mother because he wanted to know if she was cheating. The Mississippi Supreme Court has found that it is not a crime for a husband to record the conversations of his spouse within the marital home. Stewart v. Stewart, 645 So.2d 1319, 1321 (Miss.1994). She also offered evidence that more recently in the marriage his suspicions led him to smash her cell phone. "It is an extreme set of facts that will prove a divorce based upon habitual cruel and inhuman treatment." Keller v. Keller, 763 So.2d 902, 908 (¶ 29) (Miss. Ct.App.2000). His ability to record her conversations and destroying her cell phone do not rise to the level of extremes necessary to constitute habitual cruel and inhuman treatment. The granting of a divorce on the ground of habitual cruel and inhuman treatment on these findings did constitute manifest error on the part of the chancellor and is reversed.
*1048 ¶ 10. The chancellor also based her finding of habitual cruel and inhuman treatment on the alleged transmission of numerous STDs to Kindalin by Christopher. The evidence presented by Kindalin for the transmission of numerous STDs by Christopher was through her own testimony and the testimony of her physician, Dr. Lori Fulton. Kindalin testified that she had a virginal gynecological exam by Dr. Banks the end of her junior year of college before she started dating Christopher, meaning that Kindalin had not had sex with anyone prior to that doctor's appointment in her junior year. She offered into evidence the medical records from Dr. Banks to prove this. Her doctor's visit was in July of 1993 and she married Christopher in November of 1994. However, they dated a year before they were married.
¶ 11. The only evidence she offered as to the source of her sexually transmitted diseases was her own testimony; the testimony of Dr. Lori Fulton was only to address treatment and diagnosis, not the source of her diseases. Christopher offered evidence that Kindalin had at least one STD, herpes, before their marriage. He also produced his medical records which indicate the only STD he had during the marriage was herpes which he claims to have contracted from Kindalin. His medical records also indicate that he made three visits to the doctor due to his wife's having been diagnosed with an STD.
¶ 12. There was no credible evidence presented that Christopher transmitted to Kindalin any STD. Also, there was evidence that Kindalin had herpes before their marriage, but Kindalin offered no proof that Christopher had herpes prior to the marriage. Herpes is the only STD both were proven to have. Kindalin married Christopher after she claims he infected her with that condition. Therefore, since she knowingly married him believing he infected her with herpes she cannot later claim that such infection is grounds for habitual cruel and inhuman treatment.
¶ 13. The ruling of the Chancery Court of the Second Judicial District of Hinds County is reversed and rendered.

II. DID THE CHANCELLOR COMMIT ERROR IN REQUIRING APPELLANT TO PAY THE MINOR CHILD'S PRIVATE SCHOOL TUITION, IN ADDITION TO HIS MONTHLY CHILD SUPPORT OBLIGATION?
¶ 14. Due to the Court's decision above, this issue is moot. However, the Court will address one aspect of this issue. The chancellor required Christopher to pay in child support 14% of his adjusted gross income and half of the child's parochial school tuition. Pre-college tuition is considered part of child support, not an extraordinary expense. Southerland v. Southerland, 816 So.2d 1004, 1006(¶ 11) (Miss.2002). Requiring Christopher to pay half of the tuition over and above the statutory 14% without a written or specific finding by the chancellor as to why the deviation is needed renders the award inappropriate. Miss.Code Ann. § 43-19-101(2) (Rev.2000). Such awards should be consistent with the provisions laid out in Mississippi Code Annotated section 43-19-103.
¶ 15. The chancellor's only basis for requiring Christopher to pay half the tuition was that Christopher was Catholic and that the couple had already placed their daughter in Catholic school. "While a father's agreement prior to divorce to send a child to private school may be one legitimate factor to be considered, it is by itself an inadequate basis for an award of support in excess of that allowed by the statutory guidelines." Southerland, 816 So.2d at 1007(¶ 13). Thus, Christopher's agreement with Kindalin about sending *1049 their daughter to Catholic school prior to the divorce cannot be the sole basis for the chancellor's decision.

III. DID THE CHANCELLOR COMMIT ERROR IN PERMITTING WITNESSES AND PHYSICAL EVIDENCE INTO THE EVIDENCE DESPITE SUCH BEING SUPPLEMENTED ONLY SHORTLY BEFORE TRIAL?

IV. DID THE CHANCELLOR COMMIT ERROR IN PERMITTING DR. LORI FULTON TO TESTIFY AS TO THE SOURCE OF APPELLEE'S DISEASES?
¶ 16. Due to the Court's decision above, these issues are moot.

V. DID THE CHANCELLOR COMMIT ERROR IN REQUIRING THE DIVISION OF MARITAL HOMESTEAD WHEREIN APPELLEE OFFERED NO PROOF OF HER PORTION OF CONTRIBUTION TO THESE ASSETS AND THE CHANCELLOR FAILED TO ENUMERATE THE REQUIRED FERGUSON FACTORS?
¶ 17. Due to the Court's decision above, this issue is also moot. However, the Court will address two aspects of the issues. In the chancellor's amended final judgment of divorce, the orders given in paragraphs six, seven and eight are too indefinite to be enforced.
¶ 18. Paragraph six concerns the purchase of the home and the division of the equity but it does not give a specific adjudicated value of the home and equity and it does not give specific time parameters for Christopher's option to purchase and the conditions of the public sale if one is necessary. Paragraph seven lists the identifiable assets the couple possess in the home. Initially, this paragraph contained no actual order of division; however, in the amended judgment this paragraph is more specific but should preferably include a catch-all provision for omitted assets. Finally, in paragraph eight the chancellor instructs "the attorneys to look at any indebtedness to determine the amount owed." Again, this order is too indefinite to be enforced.
¶ 19. Lastly, this Court notes the lack of consideration of the Ferguson factors in the division of the marital assets especially the marital home. Upon review, this Court could find no reason as to why Kindalin was entitled to half of the equity in the home and found no reason for awarding possession of the home to Christopher other than the fact that his father helped him build it. This chancellor casually mentioned the Ferguson factors at the very close of her ruling. She stated, "I need to say for the record that in dividing and considering the division of property, the Court considered the factors in Ferguson v. Ferguson, so that we can have that on the record." This capricious mention of the case merely to have it on the record was not the intent of the Mississippi Supreme Court. Rather, chancellors should consider the eight factors laid out in Ferguson throughout the entire process of dividing the marital assets.
¶ 20. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS REVERSED AND RENDERED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLEE.
KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. McMILLIN, C.J., CONCURS IN RESULT ONLY.