983 So.2d 358 (2008)
Anne Lynn Besh DAVIS, Appellant,
v.
Ronald Kent DAVIS, Appellee.
No. 2006-CA-02161-COA.
Court of Appeals of Mississippi.
June 3, 2008.
*359 Peggy A. Jones, Holly Springs, attorney for appellant.
Malenda Harris Meacham, Hernando, attorney for appellee.
Before KING, C.J., GRIFFIS, ROBERTS and CARLTON, JJ.
GRIFFIS, J., for the Court.
¶ 1. On August 8, 2006, the Chancery Court of DeSoto County entered an agreed order signed by Anne and Kent Davis. In this order, the parties reserved for the chancellor's determination the issue of whether or not the payment of private school tuition and college tuition is child support or a separate contract. On November 27, 2006, the chancellor ordered Anne to continue paying half of all private school tuition because she did not present any evidence of her current income. On appeal, Anne argues that the chancellor erred when he: (1) applied a material change of circumstances test to determine a non-custodial parent's initial child support obligations, (2) determined that there had been no material change in circumstances, (3) refused to treat pre-emancipation private school tuition as child support, and (4) excluded from evidence various interrogatories and Tennessee Department of Labor's records regarding Anne Davis.

FACTS
¶ 2. On May 5, 1994, Anne and Kent signed a property settlement agreement. This agreement was fully incorporated into their divorce decree by the chancellor. The agreement gave Anne physical custody of Elizabeth, the couple's only child. Under a heading titled, "CHILD SUPPORT," Kent was to pay Anne $700 per month in child support.[1] Kent and Anne also agreed to each pay half of Elizabeth's college tuition and half of Elizabeth's private school tuition, books, and uniforms if *360 both Anne and Kent agreed it was in Elizabeth's best interest that she attend private school.
¶ 3. In 2006, Anne was laid off from her primary employment. She began doing various jobs until she could find suitable employment. One of these jobs was as a process server for her attorney. Kent discovered that Anne was leaving Elizabeth at home alone for extensive periods of time, so he filed a petition for a modification of custody and a temporary restraining order.
¶ 4. After extensive litigation, both Anne and Kent decided that it would be in Elizabeth's best interest to live with Kent. On August 8, 2006, the chancellor entered an agreed order that gave both parties joint legal custody and gave Kent primary physical custody. The order also mandated that Anne pay only $100 per month in child support because she was unemployed. The order also stated that Anne "shall notify the Father immediately upon her obtaining employment. Additionally, the Mother shall provide copies of her tax returns on each and every year on or before July 15th."
¶ 5. This agreement did not fully dispose of all financial obligations. Paragraph six of the order stated, "[f]urther, both parties agree that the Court shall decide the issue of private school tuition and college expenses." On September 20, 2006, the chancellor heard both parties' arguments. Kent argued that the private school payments were contractual, and therefore, the payments could not be modified. Anne argued that the payments constituted child support, and therefore, the payments could be modified.
¶ 6. The chancellor found that the interpretation of the agreement hinged on whether or not Kent's $700 per month was supported by the statutory guidelines and whether or not the private school tuition is over and above the statutory guidelines. The chancellor continued the hearing so that both parties could present evidence on this issue. The chancellor informed the attorneys that at the next hearing he wanted both parties to be prepared to "make the record with respect to any modification in the event it's found to be child support." Both parties said that they understood. Kent's attorney stated that she wanted to cross-examine Anne regarding the truthfulness of her discovery responses and her Uniform Chancery Court Rule 8.05 submission.
¶ 7. The hearing was held on October 9, 2006. Anne's attorney appeared without Anne or any other witnesses. Kent's attorney brought Kent and two other witnesses. However, Kent's attorney released Kent after she discovered that Anne was not present.
¶ 8. Anne's attorney proceeded to develop a record by directing the chancellor to prior testimony that Anne was unemployed. Then, he offered the following as evidentiary exhibits: the transcript of the April 5, 2006, temporary restraining order hearing; the April 2006 order transferring temporary custody; Anne's answer and petition to modify; the agreed order; the transcript of the September 20, 2006, hearing; a Tennessee Department of Labor document; and Kent's discovery responses.
¶ 9. The chancellor admitted the transcripts as evidence. The chancellor also took judicial notice of the court's orders. The chancellor only allowed the Tennessee Department of Labor document to be marked for identification because it did not comply with Mississippi Rule of Evidence 902 and because Anne had failed to disclose the document to Kent prior to the hearing. The chancellor did not allow Anne's attorney to enter the discovery responses *361 because he did not have a witness to lay a proper predicate for their admissibility. Kent's attorney had Anne's deposition and two investigator reports marked for identification because Kent's attorney believed these documents would show that Anne was currently employed.
¶ 10. Kent's attorney moved for dismissal with prejudice under Mississippi Rule of Civil Procedure 41, and she argued that Anne had not met her burden of proof required for modification. The chancellor found that Anne did not present any proof that she was currently unemployed or of her income level. Therefore, the chancellor granted the motion to dismiss and did not address the contract versus child support issue because Anne did not have present sufficient evidence that there was a material change in circumstances justifying a modification.

ANALYSIS
I. Did the chancellor err in concluding that there had been no material change in circumstances since the rendition of the 1994 decree?
¶ 11. In Mabus v. Mabus, 847 So.2d 815, 818(¶ 8) (Miss.2003) (citations omitted), the supreme court again stated the legal standard for a modification proceeding as follows:
The burden of proof is on the movant to show by a preponderance of the evidence that a material change in circumstances has occurred in the custodial home.
In the ordinary modification proceeding, the non-custodial party must prove: (1) that a substantial change in circumstances has transpired since issuance of the custody decree; (2) that this change adversely affects the child's welfare; and (3) that the child's best interests mandate a change of custody.
¶ 12. Here, the chancellor determined that it was not necessary to address the question presented by the parties. Instead, the chancellor determined that the parties had not met the required evidentiary standard, specifically, the first element of proof stated above. The chancellor, in his ruling from the bench, held:
[w]ithout having to determine that the [private school provision] is contractual or is, in fact, subject to modification, the Court finds that insufficient evidence has been presented which would allow this Court to find a substantial and material change in circumstances . . . which would mandate a modification with respect to the private school tuition.
The chancellor then granted Kent's Rule 41 motion, and he determined that the matter was not properly before him because Anne had failed to meet the required evidentiary standard for a modification of child support.
¶ 13. Anne argues that the chancellor erred in determining that there was not enough evidence to support a material change of circumstances and assigning her half of the costs of Elizabeth's private school education. The August 8, 2006, agreed order stated:
The parties agree that due to the Mother's unemployment, the Mother shall pay child support to the Father for the support of the minor child in the sum of $100.00 (one hundred dollars) per month, payable on the first each month, commencing on the 1st day of September, 2006, and continuing until further orders of this Court or until such time as the child reaches emancipation age. . . .
(Emphasis added). The order, however, left open the issue of private school tuition for the chancellor's determination.
*362 ¶ 14. Anne argues that the chancellor's determination was limited to whether or not the private school tuition provision is child support or contractual. Anne claims that the parties had already agreed that a modification was appropriate. They agreed that custody of Elizabeth should be changed, i.e., modified, and that child support would be set at a low amount because Anne was unemployed.
¶ 15. Kent argues that he did not stipulate to the fact that Anne was unemployed. Therefore, Kent claims that the chancellor still had to conduct a modification hearing if the private school tuition was considered to be child support.
¶ 16. The Mississippi Supreme Court has held that "[a] divorce agreement is `no different from any other contract, and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character.'" Ivison v. Ivison, 762 So.2d 329, 334(¶ 14) (Miss.2000) (quoting East v. East, 493 So.2d 927, 931-32 (Miss.1986)). The court stated further, "when parties in a divorce proceeding have reached an agreement that a chancery court has approved, we will enforce it, absent fraud or overreaching, and we take a dim view of efforts to modify it just as we do when persons seek relief from improvident contracts." Ivison, 762 So.2d at 334(¶ 14). This Court views the August 8, 2006, agreement between Anne and Kent as contractual in nature. Therefore, we will treat it as such.
¶ 17. The Ivison court also stated that:
the parties are bound by the language of the contract where a contract is unambiguous. "The mere fact that the parties disagree about the meaning of a provision of a contract does not make the contract ambiguous as a matter of law." When a contract is clear and unambiguous, this Court "is not concerned with what the parties may have meant or intended but rather what they said, for the language employed in a contract is the surest guide to what was intended."
Id. at 335 (¶¶ 16-17) (citations omitted). Likewise, we find the August 8, 2006, agreement to be unambiguous. Thus, both parties are bound by its terms. Both Anne and Kent agreed that Anne had undergone a material change in circumstances, because they had agreed in the order that she had become unemployed and could only afford $100 in child support a month.
¶ 18. Our supreme court has stated:
there may be no modification in a child support decree absent a substantial or material change in the circumstances of one or more of the interested parties: the father, the mother, and the child or children, arising subsequent to the entry of the decree sought to be modified. This rule is little more than a family law variant of the familiar doctrine of res judicata. Unlike the circumstances which must be shown before child custody will be modified, the "change" here need not be an adverse one.
Tedford v. Dempsey, 437 So.2d 410, 417 (Miss.1983) (citations omitted). The Tedford court further stated, "there is no significance to the fact that we are here concerned with a court ratified child support agreement, made incident to an irreconcilable differences divorce." Id.
¶ 19. We find that the same holds true in an agreed order between two parties that have already divorced. Both parties agreed in an unambiguous agreed order that: (1) the custody of Elizabeth should be changed from Anne to Kent and (2) Anne's child support should be set at a certain amount because Anne was unemployed. Once the chancellor and both parties *363 signed the agreement, the parties became bound by the terms of the agreed order. Thus, the fact that Anne had become unemployed became a determination by the court, i.e., the equivalent of res judicata, and Kent would have to move for modification to have Anne's child support obligation increased.
¶ 20. We, therefore, reverse the chancellor's determination and render judgment to reinstate Anne's child support obligation of $100, which is the amount both parties agreed to in the agreed order.
II. Did the chancellor treat pre-emancipation private school tuition as child support?
¶ 21. We also address the issue originally presented to the chancellor. The resolution of this issue relies on the interpretation of the 1994 divorce judgment. "The familiar manifest error/substantial evidence rules have no application to such questions of law. Consequently, our review is de novo. . . ." Meek v. Warren, 726 So.2d 1292, 1293-94(¶ 3) (Miss.Ct. App.1998) (citation omitted).
¶ 22. Kent argues that the educational provision in the divorce decree was a contractual provision and, thus, could not be modified. As to the private school tuition, Mississippi case law has repeatedly held that "[p]re-college tuition is considered part of child support, not an extraordinary expense." Moses v. Moses, 879 So.2d 1043, 1048(¶ 14) (Miss.Ct.App.2004). Thus, the private school tuition normally must be considered as child support. We reverse and remand the chancellor's determination on this issue.
¶ 23. In their original judgment of divorce, Kent and Anne agreed to the payment of an amount to be considered child support and beyond that agreed to an additional contingent payment for each of them to pay half of Elizabeth's college tuition and half of Elizabeth's private school tuition, books, and uniforms if both Anne and Kent agreed it was in Elizabeth's best interest that she attend private school. Apparently, they both agreed that it was in her best interest to attend private school.
¶ 24. We have determined that the agreed order was unambiguous and a modification was appropriate. However, the chancellor did not consider whether the material change of circumstances, which the parties agreed had occurred, would also require a modification of the parties' obligation as to private school tuition. We are of the opinion that the proper resolution of this case requires that it be remanded for the chancellor to make this determination. On remand, the chancellor is directed to consider the private school tuition as child support, and the chancellor should allow an opportunity for the parties to present evidence so that the chancellor may determine whether the circumstances also require a modification of the child support obligation to pay for private school tuition.
¶ 25. Because we reverse and render in part, and reverse and remand in part based upon these issues, we will not address any of Anne's remaining assignments of error.
¶ 26. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS REVERSED AND RENDERED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE, P.J., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MYERS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
NOTES
[1] In 2005, this amount was modified by consent decree to $1,300 a month.