# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01767-COA

**HENRY H. GUNTER IV**                                          **APPELLANT**

**v.**

**ELIZABETH BEARD GUNTER**                                     **APPELLEE**

DATE OF JUDGMENT:              10/11/2017
TRIAL JUDGE:                   HON. DOROTHY WINSTON COLOM
COURT FROM WHICH APPEALED:     LOWNDES COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        JOSEPH N. STUDDARD
ATTORNEY FOR APPELLEE:         CANDACE COOPER BLALOCK
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
DISPOSITION:                   AFFIRMED IN PART; REVERSED AND
                               REMANDED IN PART - 04/09/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE J. WILSON, P.J., GREENLEE AND McCARTY, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.    This is an appeal from the Lowndes County Chancery Court. Henry H. Gunter IV asserts that the chancery court erred by ordering Henry to pay 22% of his adjusted gross income in addition to one-half of private-school tuition, daycare, extracurricular expenses, and uninsured medical expenses. We affirm in part and reverse and remand in part.

## FACTS AND PROCEDURAL HISTORY

¶2.    Henry and Elizabeth were married in 2001. They have three minor children together.

¶3.    In October 2016, Elizabeth filed for divorce and child support, alleging marital fault against Henry. In September 2017, Elizabeth withdrew the fault grounds and agreed to joint legal custody of the three children with Elizabeth maintaining primary physical custody and

Henry having certain visitation rights. They agreed to a division of their personal property and submitted all of the following to the Lowndes County Chancery Court: child support, private-school tuition, extracurricular expenses, and uninsured medical expenses.

¶4. The chancery court determined that Henry "will pay twenty two percent (22%) of his adjusted gross income per month in the amount of nine hundred eighteen dollars ($918.00) as child support for the minor children." Furthermore, the court ordered that Henry and Elizabeth "will equally divide the cost of private school tuition, daycare, and extracurricular expenses [of] the minor children" and that "[a]ny medical, dental, orthodontic, pharmaceutical (prescription), vision, and/or optometric bills not covered by insurance will be equally divided by the parties."

¶5. Henry appeals the chancery court's judgment, asserting that the chancery court erred by ordering him to pay 22% of his adjusted gross income in addition to one-half of private-school tuition, daycare, extracurricular expenses, and uninsured medical expenses. We affirm in part and reverse and remand in part for further proceedings.

## STANDARD OF REVIEW

¶6. "When reviewing a decision of a chancellor, this Court applies a limited abuse of discretion standard of review." *Mabus v. Mabus*, 890 So. 2d 806, 810 (¶14) (Miss. 2003). "This Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard." *Id.* (internal quotation mark omitted).

## DISCUSSION

¶7.    Henry asserts that the award of the full statutory guideline amount plus the enumerated additional costs is legally excessive. He reports that the sum of these costs would account for 43.2% of his monthly adjusted gross income. He asks this Court to reverse and remand to the chancery court to reduce his child support.

¶8.    A chancery court has discretion in determining an award of child support. *Harden v. Scarborough*, 240 So. 3d 1246, 1255 (¶26) (Miss. Ct. App. 2018). And this Court will not find an abuse of discretion when "the required support [is] equal to the amount that is presumptively correct under the child-support guidelines." *Mosher v. Mosher*, 192 So. 3d 1118, 1126 (¶38) (Miss. Ct. App. 2016).

¶9.    Henry indicated in an affidavit that his adjusted gross income was $4,173.84 per month. The chancery court awarded Elizabeth 22% of this amount, or $918 per month. This is the percentage detailed by our code for the support of three children. Miss. Code Ann. § 43-19-101(1) (Rev. 2015).  But the chancery court continued with additional monetary awards that included private-school tuition, daycare, extracurricular expenses, and uninsured medical expenses. Although the chancery court does not explicitly state so in the judgment, these additional inclusions depart from the statutory guidelines. Under the chancery court's judgment, Henry would make all of the following monthly payments to Elizabeth: $918 for child support, $550.42 for private-school tuition,[1] $260 for daycare,[2] and $75 for uninsured

---

[1] Elizabeth testified that tuition is $1,321 per month for ten months of the year. Therefore, ten months of payment equals $13,210. A per month cost for Henry is $550.42 ($13,210/12=$1,100.83/2=$550.42).

[2] Daycare costs are $120 per week. With 4.33 weeks per month, daycare costs are $520 per month. Henry's payment, therefore, is $260 per month.

medical expenses.[3] This amounts to monthly payments of $1,803.42, or 43.2% of Henry's adjusted gross income.[4]

¶10.    The guidelines are, however, merely guidelines, and they "do not control per se the amount of an award of child support." *Clausel v. Clausel*, 714 So. 2d 265, 267 (¶8) (Miss. 1998). Because the chancery court "has special knowledge of the actual circumstances," *McEachern v. McEachern*, 605 So. 2d 809, 814 (Miss. 1992), a departure is permissible when the chancery court "mak[es] a written finding on the record that the application of the guidelines would be unjust or inappropriate . . . ." *Dunn v. Dunn*, 695 So. 2d 1152, 1155 (Miss. 1997).

### I.    Private-School Tuition

¶11.    Our caselaw indicates that private-school tuition costs should be treated as a part of child support and should not be "calculated separately from and in addition to the support award." *Southerland v. Southerland*, 816 So. 2d 1004, 1006 (¶11) (Miss. 2002). Our own court has held that "[r]equiring [an ex-spouse] to pay half of the tuition over and above the statutory [amount] without a written or specific finding by the chancellor as to why the deviation is needed renders the award inappropriate." *Moses v. Moses*, 879 So. 2d 1043, 1048 (¶14) (Miss. Ct. App. 2004). And we have followed this precedent. *E.g.*, *Davis v. Davis*, 983 So. 2d 358, 363 (¶22) (Miss. Ct. App. 2008) ("Thus, the private school tuition normally must

_____

[3] Elizabeth testified that she pays approximately $150 per month to cover their oldest son's braces, and that she owes $3,000 in total.

[4] This amount does not include the potential costs of the children's extracurricular activities.

4

be considered as child support."). The judgment from the chancery court does not include the pertinent information as to why the deviation is needed.

¶12. The transcript, however, reveals the chancery court's reasoning was that the children had attended private school nearly all their lives and Elizabeth wanted to continue to send them to private school. Although such a ruling may be permissible, *see In re C.T.*, 228 So. 3d 311, 316 (¶10) (Miss. Ct. App. 2017) (holding that the chancery court did not abuse its discretion in "allocating to [parent with primary physical custody] the decision-making authority in regard to where the child attends school"), *reh'g denied* (Oct. 17, 2017), the chancery court must make "a written or specific finding" as to why that deviation is required. Therefore, this Court reverses and remands the specific issue of private-school tuition to the chancery court for further proceedings for findings consistent with this opinion.

## II. Daycare

¶13. Henry also disputes the inclusion of daycare costs beyond his monthly child support payments. The chancery court found "it . . . only fair that [Henry] pay one half of the day care expenses so that the mother can go to work." This is a justifiable deviation from the guidelines. *E.g.*, *Marin v. Stewart*, 122 So. 3d 153, 157 (¶12) (Miss. Ct. App. 2013) ("The chancellor's reasoning properly falls under section 43-19-103(i) [Supp. 2012], as the child must go to daycare in order for Stewart to retain employment. Therefore, there is sufficient evidence to justify the chancellor's determination that the application of the guidelines were inappropriate."). Henry's contention is meritless, and therefore we affirm the chancery court's judgment on this issue.

### III.    Medical Expenses

¶14.    Finally, Henry disputes the inclusion of uninsured medical costs, but he still recognizes that "the Court may consider and order him to pay one-half of the medical expenses of the minor children without running afoul of the guidelines." He is correct; the chancery court's judgment is in accordance with our caselaw. *E.g.*, *Kilgore v. Fuller*, 741 So. 2d 351, 356 (¶16) (Miss. Ct. App. 1999) (holding that health expenses are not included in the statutory guidelines). Again, his contention is meritless, and we affirm the chancery court's judgment on this issue.

### CONCLUSION

¶15.    We find that: (1) the chancery court manifestly erred in awarding one-half of private-school tuition without a written or specific finding as to why the deviation was needed; (2) the chancery court did not manifestly err in awarding one-half of daycare costs; and (3) the chancery court did not manifestly err in awarding one-half of uninsured medical expenses. Thus, we affirm in part and reverse and remand in part for further proceedings on the issue of private-school tuition.

¶16.    **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

6