# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01644-COA

**JERRY CHRISTOPHER COLLADO**                          **APPELLANT**

**v.**

**JENNIFER JORDAN COLLADO (TYNDALL)**           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/11/2017 |
| TRIAL JUDGE: | HON. JOHN C. McLAURIN JR. |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | HEATHER MARIE ABY |
| ATTORNEY FOR APPELLEE: | GARY LEE WILLIAMS |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND RENDERED - 10/08/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., TINDELL AND LAWRENCE, JJ.**

**J. WILSON, P.J., FOR THE COURT**:

¶1. Chris Collado appeals an order requiring him to continue to pay private school tuition for all four of his minor children. The court ordered Chris to continue to pay tuition even though his child custody and property settlement agreement, which was incorporated as part of the court's judgment of divorce, expressly provides that he is required to pay for private school only so long as he and his ex-wife, Jennifer, "jointly agree for the children to be enrolled in private school." We reverse and render the chancery court's order because it is contrary to the terms of the divorce judgment and because Jennifer did not prove any material, unforeseeable change in circumstances.

## FACTS AND PROCEDURAL HISTORY

¶2. In May 2016, Jennifer and Chris Collado were granted an irreconcilable differences divorce. The chancery court approved the parties' child custody and property settlement agreement and incorporated the agreement as part of the divorce decree. The agreement granted Jennifer custody of the parties' four children, required Chris to pay child support, and provided as follows regarding the children's private school tuition:

> Husband agrees to continue to pay for the minor children's private school education, so long as the parties jointly agree for the children to be enrolled in private school, including tuition and registration fees, continuing through each child obtaining a high school diploma. . . .

¶3. In March 2017, Jennifer filed a petition to modify the divorce judgment. She alleged that Chris had "threatened to refuse to pay for the [private school education] of one or two of the minor children." She accused Chris of "gamesmanship" and alleged that his threats were an attempt to force her to pay for the private school education of two of their children. She claimed that it was not in the children's best interests to attend the Pearl or Northwest Rankin public schools. She also claimed that "it would be nearly impossible" for her to have children at two different schools. She asked the court to order Chris to continue to pay for the private school education of all four children.

¶4. At a subsequent hearing, Chris testified that, at the time of the divorce, he agreed to pay for the children's tuition because he intended to do so for as long as he could. However, he testified that he could no longer afford to pay for all four children to go to private school. He testified that his income was somewhat unpredictable because it depended in part on the availability of overtime. He also claimed that his expenses had increased and that it was no longer practicable for him to pay for all four children to attend private school. Chris felt that

his older two children (who were sixteen years old and almost fourteen years old at the time of the hearing) should be allowed to continue to attend their private school through graduation. However, Chris believed that his younger two children (ages twelve and eight) could easily adapt to the Pearl or Northwest Rankin public schools.

¶5. The chancellor subsequently ordered Chris to continue paying for the private school education of all four children, ruling as follows:

> Park Place Christian Academy is where the minor children go to school and have been going to school. During their attendance, Chris has been paying their tuition. Chris contends that he is not financially able to afford the children's tuition. The figures don't agree with that contention. In the past year, Chris has bought a house, which will result in mortgage interest deduction and [a] higher tax refund . . . . The Court finds that Chris is not burdened by the tuition and Chris shall continue [to] pay for all four (4) minor children to attend Park Place Christian Academy until graduation.

Chris appeals this ruling.

## ANALYSIS

¶6. On appeal, Chris argues that the chancellor erred by modifying the clear and unambiguous terms of the parties' child custody and property settlement agreement. He argues that the chancellor should have applied principles of contract law to the agreement and should not have considered his ability to pay. In contrast, Jennifer argues that a provision requiring a party to pay private school tuition is in the nature of child support and therefore is subject to modification.

¶7. We will affirm a chancellor's findings of fact as long as they are supported by substantial evidence and are not clearly erroneous. *Campbell v. Campbell*, 269 So. 3d 426, 430 (¶13) (Miss. Ct. App. 2018), *cert. denied*, 258 So. 3d 285 (Miss. 2018). Our standard

3

of review on pure issues of law is de novo. *Id.*

¶8. When, as in this case, the parties have complied with the irreconcilable differences divorce statute, their agreement concerning matters of custody, support, alimony, and/or property division "becomes a part of the final decree for all legal intents and purposes." *Switzer v. Switzer*, 460 So. 2d 843, 845 (Miss. 1984). With respect to the division of marital property, the agreement "is no different from any other contract, and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character." *East v. East*, 493 So. 2d 927, 931-32 (Miss. 1986). Therefore, "when parties in a divorce proceeding have reached an agreement that a chancery court has approved, . . . we take a dim view of efforts to modify [provisions regarding the division of property] just as we do when persons seek relief from improvident contracts." *Ivison v. Ivison*, 762 So. 2d 329, 334 (¶14) (Miss. 2000).

¶9. However, provisions of the agreement regarding child support are treated differently. A court-approved agreement to pay child support is subject to modification, and the rules governing its modification "are the same as if the chancellor had made a support award after a contested divorce trial." *Tedford v. Dempsey*, 437 So. 2d 410, 417 (Miss. 1983). That is, the party seeking a modification of the agreement to pay child support bears the burden of proving "a material change in circumstances" that was "not foreseeable prior to the time of the agreement." *Finch v. Finch*, 137 So. 3d 227, 237 (¶33) (Miss. 2014).

¶10. Jennifer is correct that "private-school tuition is considered part of child support." *Bruton v. Bruton*, 271 So. 3d 528, 534 (¶16) (Miss. Ct. App. 2018) (citing *Southerland v. Southerland*, 816 So. 2d 1004, 1006 (¶11) (Miss. 2002)); *accord, e.g., Gunter v. Gunter*, No.

4

2017-CA-01767-COA, 2019 WL 1529265, at *2 (¶11) (Miss. Ct. App. Apr. 9, 2019); *Elkins v. Elkins*, 238 So. 3d 1204, 1211 (¶21) (Miss. Ct. App. 2018); *Moses v. Moses*, 879 So. 2d 1043, 1048 (¶14) (Miss. Ct. App. 2004). Therefore, provisions of a settlement and judgment concerning the payment of private school tuition are subject to modification.

¶11. However, Jennifer failed to prove any "material change in circumstances" that was "not foreseeable prior to the time of the agreement." *Finch*, 137 So. 3d at 237 (¶33). The only thing that changed was Chris's position as to where two of his four children should go to school. Chris's decision that two of his children should attend public school was a change in circumstances, but it was a change that the parties' court-approved settlement agreement expressly contemplated. The agreement requires Chris to pay private school tuition only "so long as the parties jointly agree for the children to be enrolled in private school."

¶12. This Court recently addressed an analogous issue in *Campbell*, *supra*. There, we held that the emancipation of one of the parties' four children did not support a court-ordered modification of child support because the parties' original child support agreement specifically provided for a $1,250 reduction in child support upon the child's emancipation. *Campbell*, 269 So. 3d at 430-31 (¶¶14-16). We explained that when the parties' agreement already provides for the possibility of a specific change in circumstances, that "exact situation" cannot be deemed "unforeseen" or "unanticipated"—and, therefore, cannot support a modification of support. *Id.* The same reasoning applies in this case. The parties' court-approved agreement specifically contemplated that Chris might decide that some or all of his children should no longer attend private school. Thus, Chris's decision was foreseeable and is not a basis for a modification of support.

5

¶13.    Under the terms of the parties' agreement, Chris is not required to continue to pay private school tuition if he does not agree that his children should continue to attend a private school.  The chancellor disagreed with Chris's claim that he could not afford to continue to send all four of his children to private school.  However, the parties' court-approved agreement did not require Chris to persuade the court of the reasons for his decision regarding his children's schooling.  And Jennifer failed to prove any material, unforeseen change in circumstances that would have supported a modification of the agreement.  Therefore, the chancellor erred by ordering Chris to continue to pay tuition for children that Chris preferred to send to public school.

## CONCLUSION

¶14.    The judgment of the chancery court is reversed and rendered to the extent that it requires Chris to continue to pay for private school tuition for children that Chris does not agree should be enrolled in private school.

¶15.    **REVERSED AND RENDERED.**[1]

        **BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

---

[1] In addition to addressing the issue of child support, the chancery court's final judgment also denied a petition to modify custody (filed by Chris) and a petition to modify visitation (filed by Jennifer).  Neither party challenged those aspects of the chancery court's judgment on appeal, and our decision has no impact on those rulings.